**Exhibit A**

{01408369;v1 }

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BEAUTY BRANDS, LLC, *et al.* | Case No. 19-10031 (CSS) |
| Debtors. | Jointly Administered |
| | **Related Docket No.** ___ |

**ORDER APPROVING CONFIDENTIALITY STIPULATION**
**AND PROTECTIVE ORDER**

IT IS HEREBY ORDERED THAT:

1. The Confidentiality Stipulation and Protective Order attached hereto as **Exhibit 1** (the "Stipulation") is approved and entered as an Order of this Court.

2. This Court shall retain jurisdiction over all matters arising from or relating to the interpretation or implementation of the Stipulation or this Order.

# Exhibit 1

**(Stipulation)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BEAUTY BRANDS, LLC, *et al.* | ) | Case No. 19-10031 (CSS) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

This Confidentiality Stipulation and Protective Order (the "Stipulation" or "Protective Order") is entered into by and among the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee") (each a "Party" and collectively, the "Parties"). The Parties hereby stipulate, by and through their respective attorneys of record, subject to Court approval, to entry of the following Protective Order:

1. This Stipulation shall apply to any information or document that has been or will be shared (either orally or in writing) or produced in formal or informal discovery or otherwise (the "Discovery Materials") in the above-captioned case (the "Proceeding"). Discovery Materials shall also include, without limitation, testimony adduced at depositions; answers to interrogatories and requests for admission; documents produced voluntarily, in discovery, or pursuant to any other type of request (including any information or documents provided via electronic access to data rooms or other hosted sites); and documents provided pursuant to subpoena in connection with the Proceeding. Discovery Materials shall also include all information, filings, and documents derived from, based on, or incorporating any of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Beauty Brands, LLC (0290); Beauty Brands Payroll Holdings, Inc. (6218); and Beauty Brands Payroll, LLC (1789). The location of the Debtors' corporate headquarters is 4600 Madison Avenue, Suite 400, Kansas City, MO 64112.

foregoing material.

2.  This Stipulation governs the provision or production of Discovery Materials and does not affect, amend, or modify any existing confidentiality agreements applicable to the Parties, and nothing in this Stipulation shall constitute a waiver of any rights under such agreements.

3.  Discovery Materials, or information derived therefrom, shall be used solely in connection with the Proceeding, and shall not be used in any other proceeding or for any other purpose, unless the Discovery Materials fall within the provisions of subparagraphs 4(a) to (d) below.

**Designation of Discovery Materials as Confidential.**

4.  Any Party or non-Party providing Discovery Materials (the "Designating Party") may designate as "Confidential" that portion of any Discovery Material disclosed or produced in the Proceeding (whether or not the Designating Party is the Party that disclosed or produced the Discovery Materials) that the Designating Party in good faith believes meets the criteria in paragraph 5 below, provided that, Confidential Information shall not include:

   (a)  information that is at any time independently developed by the Receiving Party (as defined in paragraph 7 below) without use of or reliance upon any Discovery Materials;

   (b)  information that was, prior to disclosure, rightfully in the possession of the Receiving Party and not otherwise subject to a duty of confidentiality;

   (c)  information that is publicly available in substantially the same form in which it was provided by the Party disclosing or producing the information; and

   (d)  information that was, is, or becomes public knowledge, other than in violation of this Protective Order.

5.  A Designating Party may only designate as "Confidential" any Discovery Materials, or any portion thereof, that are proprietary or commercially sensitive, contain private personal information, contain non-public financial information, or are subject to protection under

applicable law or regulation ("<u>Confidential Information</u>").  Confidential Information includes, but is not limited to, the following types of information:

    (a)    non-public information related to the Debtors' proposed sale of substantially all of their assets;

    (b)    non-public information that is of a personal nature;

    (c)    non-public information that is of a business, financial, or commercial nature;

    (d)    non-public information that constitutes confidential research or business development, confidential technical information and data, or trade secrets;

    (e)    non-public information relating to finances, employee compensation, or taxes concerning one or more of the Parties, its affiliates, employees, or clients;

    (f)    information that is not generally known to persons other than the Designating Party and its representatives, agents, employees, and affiliates, including, without limitation, information about products, processes, operations, computer programs, marketing, business plans, accounting records, customer lists, supplier lists, formulae, collection, tabulation and analyses of data, materials, working papers, plans, devices, research, and methods of doing business; and

    (g)    information that a Party is required by contract, law, or regulation to protect from disclosure.

    6.    Where practicable given the circumstances and timing of disclosures and productions, the Designating Party shall designate Discovery Materials as Confidential by applying the legend "Confidential" to the Discovery Materials.  In the case of data stored in electronic form, the legend shall be printed on the cover or container of the disk, tape, or other medium in which the electronic data is produced.  In the case of Discovery Materials provided via electronic access to data rooms or other hosted sites (or other circumstances where applying a legend to the Discovery Materials is not practicable), a blanket designation shall be provided by email or other written notice.  Where the Designating Party was not the Party that produced or disclosed the Discovery Materials, the Designating Party shall designate Discovery Materials as Confidential by written notice to the other Party.

**<u>Non-Disclosure of Confidential Information.</u>**

    7.    Confidential Information shall be maintained in confidence and shall not be

shared by any Party that receives the Confidential Information (the "Receiving Party") with any person other than:

    (a)    the Receiving Party's counsel (including in-house counsel) and professionals participating in the Proceeding and their legal, clerical, or support staff, including temporary or contract staff;

    (b)    the Receiving Party's officers, directors, trustees, partners, members, or employees whose review of the Confidential Information is necessary (as determined in the reasonable discretion of the Receiving Party) for the Proceeding;

    (c)    the Receiving Party's affiliates and such affiliates' managers, administrators, officers, directors, trustees, partners, or employees whose review of the Confidential Information is necessary (as determined in the reasonable discretion of the Receiving Party) for the Proceeding, in which case each such affiliate will be bound by the provisions of this Stipulation, and the Receiving Party will be responsible for any violations of the Stipulation by its affiliates;

    (d)    expert witnesses or consultants who are employed or retained by the Receiving Party or its counsel in connection with the Proceeding, provided that counsel, in good faith, requires their assistance, and further provided that any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as Confidential Information by the Party responsible for its creation;

    (e)    any author or original recipient of the Confidential Information;

    (f)    deponents and witnesses or prospective witnesses in the Proceeding, where such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation, or discovery;

    (g)    the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and its personnel, subject to paragraph 11 below;

    (h)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for purposes of the Proceeding; and

    (i)    any other person, with the express written authorization of the Designating Party, or upon order of the Bankruptcy Court.

    8.    <u>Advisors' Eyes Only.</u> Notwithstanding the other provisions of this Stipulation, including paragraph 7, a Designating Party may designate certain Confidential Information as "Advisors' Eyes Only," in which case such Confidential Information may be viewed by a Receiving Party's counsel (and other outside advisors that have executed **Exhibit A**) and the parties identified in paragraphs 7(d)-(e), (f) (but excluding potential

witnesses), and (g)-(i) and subject to paragraph 11, but may not otherwise be disclosed. "Advisors' Eyes Only" means that subset of Confidential Information, as defined in paragraph 5 above, which would not normally be disclosed to the Parties or to the public at large, would be maintained in confidence, and that the Designating Party in good faith believes is so personally, economically, or competitively sensitive that disclosure would materially affect or threaten injury to personal, business, commercial, or financial interests. Such Confidential Information includes, but is not limited to, trade secrets or other highly sensitive competitive personal, financial, commercial, or proprietary research and development information. The requirements of paragraphs 4(a)-(d) and 6 above are hereby incorporated by reference and will apply to such Advisors' Eyes Only Information produced in the Proceeding, except that the designation or blanket designation shall be: "Confidential — Advisors' Eyes Only."

9. <u>Depositions.</u>  During any deposition or interview, if counsel for any Party reasonably believes that any answer to a question will result in the disclosure of Confidential Information or Advisors' Eyes Only Information, counsel may require that all persons other than the reporter, counsel, and individuals entitled to view the Confidential Information or Advisors' Eyes Only Information, as the case may be, leave the room during the relevant portion of the deposition or interview. Any Party shall have the right to designate on the record, or within ten business days following receipt of the final transcript of the deposition, any portion of the deposition transcript as Confidential Information or Advisors' Eyes Only Information, subject to the guidelines established in paragraphs 5 and 8 above. Transcripts of testimony or portions thereof so designated during the deposition may, at the option of any Party, be appropriately marked and bound separately.

10. <u>Non-Disclosure Declaration.</u>  Counsel for a Receiving Party shall provide a copy of this Protective Order to a representative of any professional firm or individual who is retained in connection with the Proceeding and is otherwise entitled to receive Confidential Information pursuant to the terms of this Order (the "<u>Permitted Recipients</u>"), and the Permitted Recipient must execute a Non-Disclosure Declaration in the form annexed as **Exhibit A** hereto prior to receiving any Confidential Information.

11. <u>Filing of Confidential Information.</u>  All Confidential Information or Advisors' Eyes Only Information filed in any court, and all portions of pleadings, motions, or other papers filed with a court that disclose Confidential Information or Advisors' Eyes Only Information, shall be filed in redacted form, with all Confidential Information and Advisors' Eyes Only Information redacted along with an unredacted copy filed under seal with the Clerk of the Court and kept under seal until further order of the relevant Court, and provided to the Court and all Parties entitled to receive such Confidential Information or Advisors' Eyes Only Information.

12. <u>Disclosure in Court Proceeding.</u>  Counsel shall confer on such procedures as are necessary to protect the confidentiality of Confidential Information or Advisors' Eyes Only Information used in the course of any court proceeding, and in the event counsel cannot agree on such procedures, the question shall be submitted to the court in which the materials are to be used for resolution.

13. <u>Disclosure Required by Law.</u>  In the event that a Receiving Party or a Permitted Recipient is required, by interrogatories, subpoena, civil investigative demand, demand from a regulatory body, or similar legal process or applicable law or regulation, to disclose any Confidential Information or Advisors' Eyes Only Information, it is agreed that the Receiving

Party or Permitted Recipient, if so entitled given the nature of the legal process, demand, or request at issue, will provide all of the Parties with prompt notice of such event so that one or more of the Parties may seek a protective order or other appropriate remedy or, with the consent of all of the Parties, waive compliance with the applicable provisions of this Stipulation.  In the event that one or more of the Parties determines to seek such protective order or other remedy, the Receiving Party or Permitted Recipient shall reasonably cooperate with the Party seeking the protective order or other remedy, provided that the terms of the relief sought by the applying Party will not narrow the scope of this Stipulation.  In the event such protective order or other remedy is not obtained and disclosure of Confidential Information or Advisors' Eyes Information is required under law, or both of the Parties grant a waiver hereunder, the Receiving Party or Permitted Recipient (i) may, without liability hereunder, furnish that portion (and only that portion) of the Confidential Information or Advisors' Eyes Only Information that the Receiving Party or Permitted Recipient is legally required to disclose and (ii) will exercise its commercially reasonable efforts to have confidential treatment accorded to the Confidential Information and Advisors' Eyes Only Information so furnished.  Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order directing production of Confidential Information or Advisors' Eyes Only Information covered by this Protective Order, or to subject himself, herself, or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

14.    No Waiver.  The failure to designate any Discovery Materials as Confidential or Advisors' Eyes Only does not constitute a waiver of such claim.  If at any time any of the Parties determines or realizes that certain testimony or some portion of Discovery Materials that

was previously produced should be designated as Confidential Information or Advisors' Eyes Only Information, that Party may notify all of the other Parties in writing, and such designated testimony or portion of Discovery Materials will thereafter be treated as Confidential Information or Advisors' Eyes Only Information under the terms of this Stipulation, provided that the Party designating the Confidential Information or Advisors' Eyes Only information shall, to the extent a legend should have been affixed under paragraph 6 above, at its cost, provide the other Parties with substitute copies (if applicable), bearing the appropriate legend, of any such Discovery Materials. If such information has been disclosed by a Receiving Party between the time of production or receipt of the transcript containing the testimony and the time at which a Party gives notice that the Discovery Materials are to be designated as Confidential Information or Advisors' Eyes Only Information, such disclosure does not constitute a violation of this Protective Order.

15. <u>Disputes Over Designation of Discovery Materials.</u> In the event that any Party objects to any designation of testimony or Discovery Materials as Confidential Information or Advisors' Eyes Only Information (the "<u>Objecting Party</u>"), the Objecting Party shall notify the other Party in writing, stating the grounds of the objection. The Parties shall have one business day following the Designating Party's receipt of an objection from the Objecting Party to attempt to resolve the objection, at the end of which the Objecting Party may seek a ruling from the Bankruptcy Court on an expedited basis that such information should not be treated as Confidential Information or Advisors' Eyes Only Information. No Confidential Information or Advisors' Eyes Only Information shall be filed in the public record prior to such a determination by the Bankruptcy Court.

16. <u>Inadvertent Production.</u> In the event that any Party inadvertently produces any

material that it determines is privileged or otherwise immune from discovery, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or protection from disclosure (the "<u>Inadvertently Producing Party</u>"), such materials ("<u>Protected Information</u>") may be retrieved by the Inadvertently Producing Party by giving written notice to the other Party receiving such Protected Information.  Inadvertent production of Protected Information shall not be deemed a waiver of, or estoppel as to, any claim asserted by the Inadvertently Producing Party that the materials in question constitute Protected Information.  Upon receipt of written notice that an Inadvertently Producing Party intends to retrieve Protected Information, the other Party or any other persons who have received a copy of the Protected Information shall promptly return all copies of such Protected Information to the Inadvertently Producing Party.  The terms of this paragraph shall not be deemed a waiver of the other Party's right to challenge the Inadvertently Producing Party's designation of materials as Protected Information (provided, however, that any such challenge to the designation may be made only following the return of such identified documents to the Inadvertently Producing Party).  The Parties shall not use any inadvertently produced Protected Information, or information gleaned exclusively from any inadvertently produced Protected Information, in connection with the Proceeding or any other actions.  Pursuant to the agreement of the Parties under Rule 502(e) of the Federal Rules of Evidence and by Protective Order of this Court under Rule 502(d) of the Federal Rules of Evidence, no disclosure, production, or exchange of Discovery Materials in this case shall constitute a waiver of any applicable attorney-client privilege, any applicable work product protection, or any other privilege in this or any other federal or state proceeding under any circumstances.

17. <u>No Bar Against Seeking Further Protection.</u>  Nothing in this Stipulation shall be construed as preventing any Party from seeking further protection for or disclosure of any Discovery Material.

18. <u>No Admission Regarding Admissibility or Relevancy.</u>  Nothing in this Stipulation shall be construed to affect in any way the admissibility or relevance of any Discovery Material or other evidence.

19. <u>No Bar to Use of Party's Own Discovery Material.</u>  This Stipulation has no effect on, and shall not apply to, a producing Party's use or disclosure of its own Discovery Material for any purposes whatsoever.

20. <u>Binding Effect.</u>  The Parties agree to submit this Stipulation for entry by the Bankruptcy Court and to be bound by its terms while awaiting its entry by the Bankruptcy Court.  The provisions of this Protective Order shall, absent written consent of the Parties or further order of the Bankruptcy Court, continue to be binding throughout the conclusion of the Proceeding and any related litigation, including without limitation any appeals therefrom.  Within sixty calendar days after receiving notice of an entry of an order, judgment, or decree finally disposing of the Proceeding and any related litigation, including the exhaustion of all possible appeals and other review, the Parties shall, upon written request by any Designating Party, either (i) return all Confidential Information and Advisors' Eyes Only Information and all copies thereof (including summaries and excerpts and including all such material provided by a Party to any other persons, whether or not in accordance herewith) to counsel for the Party that disclosed or produced such materials or (ii) destroy or cause to be destroyed all Confidential Information and Advisors' Eyes Only Information.  As to documents that have been received electronically and that cannot be returned, deleted, or destroyed, the recipient

must take reasonable measures to ensure that unauthorized persons do not have access to Confidential Information and Advisors' Eyes Only Information present on the recipient's computer, server, or any backup media. Notwithstanding the foregoing, counsel to any Party shall be entitled to retain court papers, deposition and court transcripts, and attorney work product that refer to or relate to Confidential Information and Advisors' Eyes Only Information. Additionally, the Parties and Permitted Recipients shall be entitled to maintain Confidential Information or Advisors' Eyes Only Information to the extent required by law or regulation (including regulations of a stock exchange or a self-regulatory body), or internal document retention policies; provided, however, that such information shall remain subject to the terms of this Protective Order.

21. <u>Notice.</u> Notice required or permitted to be given for any purpose under this Protective Order shall be delivered to the following Parties in writing by electronic mail and U.S. Mail as follows: (i) the Debtors, by and through its counsel, Ashby & Geddes, 500 Delaware Avenue, 8th Floor, Wilmington, Delaware 19801 (Attn: Gregory Taylor, Esq.; gtaylor@ashbygeddes.com) and (ii) the Committee, by and through its counsel, Kelley Drye & Warren LLP, 101 Park Avenue, 27th Floor, New York, NY 10178 (Attn: Eric R. Wilson, Esq. and Lauren S. Schlussel, Esq.; ewilson@kelleydrye.com and lschlussel@kelleydrye.com). These designations can be changed by providing notice to the other Party in writing by electronic mail and U.S. Mail in accordance with this paragraph.

22. <u>Additional Parties.</u> Additional parties may be added to this Stipulation in the future in the following manner: Any additional party that has executed and delivered to all existing Parties a complete and executed Acknowledgment in the form attached hereto as **Exhibit B** shall become subject to all of the provisions of this Stipulation and any resulting

Protective Order as if the additional party were an original Party.

23. <u>Continuing Jurisdiction.</u> The Bankruptcy Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Stipulation upon appropriate motion by a party in interest. Nothing herein shall preclude any party from seeking to amend or modify the terms of this Protective Order upon appropriate motion and order of the Bankruptcy Court.

24. <u>Irreparable Damages.</u> A Receiving Party acknowledges that irreparable damages would occur to a Designating Party if Confidential Information or Advisors' Eyes Only Information were disclosed in violation of this Stipulation and that remedies at law for any actual or threatened breach by the Receiving Party shall be inadequate and that the Designating Party will be entitled to equitable relief, including injunction and specific performance, in the event of any breach of the provisions of this Stipulation.

25. <u>Advice of Counsel.</u> Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Proceeding and, in the course thereof, relying on examination of Discovery Materials.

26. <u>Counterparts.</u> This Stipulation may be executed in multiple counterparts. The Parties agree that their respective signatures will be effective and a counterpart containing an electronic copy of the signature page shall have the same force and effect as an original.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD. Accepted and agreed this 18th day of January, 2019:

Dated: January18, 2019
      Wilmington, Delaware

| **ASHBY & GEDDES, P.A.** | **SAUL EWING ARNSTEIN & LEHR LLP** |
|---|---|
| */s/ Stacy L. Newman* | */s/ Lucian B. Murley* |
| Gregory A. Taylor (No. 4008) | Mark Minuti (DE Bar No. 2659) |
| Stacy L. Newman (No. 5044) | Lucian B. Murley (DE Bar No. 4892) |
| Katharina Earle (No. 6348) | 1201 N. Market Street, Suite 2300 |
| David F. Cook (No. 6352) | P.O. Box 1266 |
| 500 Delaware Avenue | Wilmington, DE 19899-1266 |
| P.O. Box 1150 | Telephone: (302) 421-6840 / 6898 |
| Wilmington, DE 19899 | Facsimile: (302) 421-5873 / 5864 |
| Phone: (302) 654-1888 | mark.minuti@saul.com |
| Facsimile: (302) 654-2067 | luke.murley@saul.com |
| | |
| *Proposed Counsel to Debtors and Debtors-in Possession* | and |
| | **KELLY DRYE & WARREN LLP** |
| | Eric R. Wilson |
| | Jason R. Adams |
| | Lauren S. Schlussel |
| | 101 Park Avenue |
| | New York, NY 10178 |
| | Phone: (212) 808-7800 |
| | Facsimile: (212) 808-7897 |
| | |
| | *Proposed Counsel to the Official Committee of Unsecured Creditors* |

## **EXHIBIT A**

## **NON-DISCLOSURE DECLARATION**

I, _____, declare under penalty of perjury, the following:

1. I reside in the City/County of _____ and State of _____.

2. I have read the annexed Protective Order, dated _____, 2019, in the above-captioned matter.

3. I am fully familiar with and agree to comply with and be bound by the provisions of the Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

4. I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[1]

5. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____, 2019        _____

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

# **EXHIBIT B**

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges and agrees to the following terms and conditions:

1. I have read the annexed Protective Order, dated _____, 2019, in the above-captioned matter.

2. I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

3. I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[1]

Dated: _____, 2019        _____

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.