# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BEAUTY BRANDS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 19-10031 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date: April 7, 2022 at 12:30 p.m. (ET)** |

## STATUS REPORT OF THE CHAPTER 7 TRUSTEE

David W. Carickhoff, solely in his capacity as the chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), by and through his undersigned counsel, hereby files this status report and respectfully states as follows:

1. On January 6, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court, thereby commencing cases administered under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

2. On February 25, 2019 (the "Conversion Date"), the Court entered an Order (the "Conversion Order") converting the Chapter 11 Cases to cases administered under chapter 7 of the Bankruptcy Code (the "Chapter 7 Cases").

3. Prior to the Conversion Date, the Debtors operated specialty beauty stores under the trade name "Beauty Brands" that provided salon and spa services and retail and third-party branded beauty products.

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Beauty Brands, LLC (0290); Beauty Brands Payroll Holdings, Inc. (6218); and Beauty Brands Payroll, LLC (1789).

4. During the Chapter 11 Cases, the Court approved the sale of certain of the Debtors' assets to Absolute Beauty, LLC [Dkt. No. 259]. In addition, during the Chapter 11 Cases, with the Court's approval, the Debtors ran store closing sales for certain of the Debtors' stores.

5. With approval of the Court, post-conversion, the Trustee continued to conduct store closing sales with respect to ten of the Debtors' stores. The Trustee completed the store closing sales by March 31, 2019.

6. Thereafter, the Trustee began investigating any remaining assets of the estates and potential claims against the estates. In connection therewith, among other things, the Trustee (i) reached an agreement with the Debtors' prepetition secured lender resulting in turnover by the lender of over $370,000 in escrowed funds [Dkt. No. 513] and (ii) established a bar date for filing of certain administrative expense claims (including all administrative expenses incurred in the Chapter 11 Cases) [Dkt. No. 448].

7. In addition, the Trustee reviewed the Debtors' financial books and records and identified a number of parties who may have received avoidable transfers (the "Avoidable Transfers") during the 90 days prior to the Petition Date. After review and analysis of the Debtors' books and records, the Trustee contacted recipients of the potentially Avoidable Transfers by letter in early November 2020 and requested that they provide information, defenses and supporting documents regarding the Avoidable Transfers. Several parties responded to the Trustee's request and provided defense analyses, information and documents and, after review, the Trustee reached settlements with five parties.

8. For those recipients of Avoidable Transfers with whom the Trustee was unable to reach resolution, the Trustee entered into tolling stipulations with four parties and commenced thirty-one separate adversary proceedings on January 4, 2021, pursuant to sections 547, 548, and

550 of the Bankruptcy Code (the "Adversary Proceedings"). Thereafter, the Trustee successfully resolved most of the Adversary Proceedings. The Trustee has filed five omnibus motions pursuant to Bankruptcy Rule 9019 seeking approval of settlement agreements, all of which have been approved by Orders of the Court.

9. On March 4, 2022, the Court entered the *Order Setting Status Conference Pursuant to 11 U.S.C. § 105(d)* [Dkt. No. 597] directing the filing of a status report including, among other things, (i) any pending matter requiring a hearing or ruling; (ii) any open adversary proceeding; (iii) any anticipated near-term scheduling needs in the case; and (iv) any steps necessary or remaining to close the case (if appropriate). In addition, the Court has scheduled a status conference for April 7, 2022 at 12:30 p.m. (ET)

**I.    Pending Matters Requiring a Hearing or Ruling**

10. At this time, there are no matters pending in these Chapter 7 Cases that require a hearing or ruling.

**II.    Open Adversary Proceedings**

11. There are three Adversary Proceedings that remain open. The following chart sets forth the status of each of the open Adversary Proceedings:

| Adv. Proc. No. | Defendant | Status |
|---|---|---|
| 21-50011-BLS | Farouk Systems, Inc. | On March 18, 2022, the Court entered an Order assigning this adversary proceeding to mediation and appointing Connor Bifferato as mediator. Mediation remains to be scheduled. |
| 21-50017-BLS | Joico Laboratories, Inc. | On March 11, 2022, the Court entered an Order assigning this adversary proceeding to mediation and appointing Eric Haber as mediator. Mediation is scheduled for May 5, 2022. |
| 21-50018-BLS | Kenra Professional | On March 11, 2022, the Court entered an Order assigning this adversary proceeding to mediation and appointing Eric Haber as mediator. Mediation is scheduled for May 5, 2022. |

3

**III.    Anticipated Near-Term Scheduling Needs**

12.    At this juncture, there are no immediate scheduling needs in these Chapter 7 Cases. The Trustee anticipates that, in the normal course, his counsel will reach out to Chambers to request hearing dates as needed.

**IV.    Steps Remaining Before the Cases May be Closed**

13.    The Trustee currently anticipates that, after the three remaining open Adversary Proceedings have been resolved and any remaining estate assets have been liquidated, the Trustee would turn to certain other tasks that are necessary to wind up the chapter 7 estates, including reconciling claims (including chapter 11 administrative expense claims) and preparing final tax returns, among other things.

Dated:  March 28, 2022                    ARCHER & GREINER, P.C.

*/s/ Alan M. Root*
Alan M. Root (No. 5427)
300 Delaware Avenue, Suite 1100
Wilmington, Delaware 19801
Telephone: 302-777-4350
Facsimile:  302-777-4352
Email:  aroot@archerlaw.com

*Counsel for the Chapter 7 Trustee*

223803874v1

4